This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.** **No. 35,184**

**VALENTIN GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     The State has appealed from an order dismissing the underlying case with prejudice. We previously issued a notice of proposed summary disposition in which we proposed to reverse. Defendant has filed both a memorandum in opposition and a motion to supplement the record. The State has responded in opposition to the motion. After due consideration, the motion is denied. With respect to the merits, we remain unpersuaded by Defendant's arguments. We therefore reverse and remand.

{2}     We previously set forth the pertinent background information and relevant principles of law in the notice of proposed summary disposition. To very briefly summarize, the underlying case was dismissed with prejudice as a sanction pursuant to LR2-400 NMRA (recompiled and amended as LR2-308 NMRA, Dec. 31, 2016), as a consequence of the State's untimely production of bench notes associated with scientific testing that was performed to establish the identity of a controlled substance. [RP 75-77] The bench notes were produced 84 days prior to the trial setting, rather than 120 or 90 days in advance thereof, as specified in LR2-308(G)(4)(a)(viii). [DS 3-4]

{3}     In the notice of proposed summary disposition, we observed that historically the imposition of severe sanctions such as exclusion of evidence or dismissal with prejudice has been "improper absent an intentional refusal to comply with a court order, prejudice to the opposing party, and consideration of less severe sanctions."

*State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25. Insofar as the district court remains at liberty to impose any sanction that conforms to the requirements of the existing case law, including *Harper*, we proposed to hold that these authorities may be harmonized, and as such, *Harper* should guide our analysis. *See* LR2-308(A) (providing that "existing case law on criminal procedure continue to apply to cases filed in the Second Judicial District Court, but only to the extent [the existing case law does] not conflict with [the local] rule").

**{4}** In his memorandum in opposition, Defendant argues that *Harper* should be said to conflict with the local rule, and as such, *Harper* should be deemed inapplicable. [MIO 10-16] We considered and rejected similar arguments recently, in the cases of *State v. Seigling*, No. 34,620, 2017 WL 361661, 2017-NMCA-____, ¶¶ 22-24, ___ P.3d ___ (Jan. 24, 2017), and *State v. Navarro-Calzadillas*, No. 34,667, 2017 WL 361662, 2017-NMCA-___, ¶¶ 13-15, ___ P.3d ___ (Jan. 24, 2017).

**{5}** We acknowledge that the local rule requires the imposition of sanctions for the State's failure to comply with the applicable deadline relative to the production of scientific evidence. *See* LR2-400(I). However, lesser sanctions were still available to the district court. *See* LR2-400(I)(1), (3)(a), (c), (e) (indicating that the court shall impose whatever sanction that it "may deem appropriate in the circumstances[,]" including but not limited to reprimand by the judge, a monetary fine, or dismissal

without prejudice). Under these circumstances, we have held that no conflict between the local rule and *Harper* exists, and as such, *Harper* continues to limit the district court's discretion to impose the severest sanctions. *See Navarro-Calzadillas*, 2017-NMCA-___, ¶¶ 13-15.

{6}     As described at greater length in the notice of proposed summary disposition, in this case the district court's imposition of the severe sanction of exclusion of evidence and resultant dismissal with prejudice is not adequately supported. Although Defendant may take issue with our suggestion that the State's violation of the discovery deadline was not intentional [MIO 1-4, 6-8], Defendant neither contends that he suffered any specific form of prejudice nor suggests that the district court considered less severe sanctions. [MIO 15] Because these prerequisites were not satisfied, we conclude that the district court abused its discretion.

{7}     In his memorandum in opposition, Defendant argues that the State engaged in other misconduct by violating LR2-308(D)(3) for failing to make a key witness available for interview and for failing to transport Defendant to a scheduling conference. [MIO 4, 5, 9] *See id.* (imposing a five-day disclosure deadline with respect to evidence possessed by the prosecution). However, none of these alleged violations formed the basis for the dismissal of the case. [RP 77] To the extent that Defendant may suggest that these alleged violations supply an alternative basis for

affirmance, the apparent lack of development below persuades us otherwise. *See generally State v. Ortiz*, 2009-NMCA-092, 146 N.M. 873, 215 P.3d 811 (declining to consider a number of arguments concerning alleged discovery violations by the prosecution where those arguments were not adequately developed at the district court level).

{8}    Accordingly, we reverse the district court's order and remand for consideration of the *Harper* criteria and imposition of appropriate sanction(s).

{9}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**